IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 3, 2026 Session

## JOHN CHARLES MCDOWELL II v. JENNIFER LEIGH MCDOWELL

**Appeal from the Circuit Court for Warren County**
**No. 4555 DIV      Larry B. Stanley, Jr., Judge**

_____

**No. M2024-01774-COA-R3-CV**

_____

A mother petitioned to extend child support for her severely disabled child into adulthood. The court granted the petition.  In doing so, the court used the child support guidelines to calculate the amount of support.  The father appealed, arguing that the trial court should have included the child's social security income in the calculations, but he did not file a transcript or a statement of the evidence.  Because the lack of a transcript or statement of evidence prevents us from reaching the substance of the issue raised by the father, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JEFFREY USMAN, J., joined.

Charles W. Wheland III, Chattanooga, Tennessee, for the appellant, John Charles McDowell II.

Jay B. Jackson, Murfreesboro, Tennessee, for the appellee, Jennifer Leigh McDowell.

## OPINION

## I.

John Charles McDowell II ("Father") and Jennifer Leigh McDowell ("Mother") divorced in 2015.  As part of their divorce decree, the court ordered an upward deviation from the presumptive amount of support under the child support guidelines for their severely disabled child.  The order specified that the support would continue until the child

"is able to work full-time as an adult or draw social security." The order noted that it was "uncertain at this time if the . . . child can receive Social Security Disability."

Over eight years later, Mother moved to extend child support for the disabled child past his eighteenth birthday. *See* Tenn. Code Ann. § 34-1-102(b) (2021) (providing that the duty to support a child "continue[s] until the child graduates from high school or the class of which the child is a member when the child attains eighteen (18) years of age graduates, whichever occurs first"); *see also id.* § 36-1-102(14) (Supp. 2025) (defining a "child" as a "person . . . under eighteen (18) years of age"). The trial court found the child severely disabled and granted support throughout his life. *See id.* § 36-5-101(k) (Supp. 2025). It also found that the child, who resided with Mother, would never be able to live alone or be employed. In setting support, the court used the child support guidelines. *See id.* § 36-5-101(k)(3).

## II.

### A.

Father's only issue on appeal is whether the trial court should have considered his child's social security benefits in calculating child support. For her part, Mother contends the issue is waived because Father failed to raise it before the trial court.

"[I]ssues raised for the first time on appeal are waived." *Martin v. Rolling Hills Hosp., LLC*, 600 S.W.3d 322, 336 (Tenn. 2020) (citation omitted). Father responds that he did raise the issue in the trial court, specifically in his "Motion and Order for Emergency Stay of Child Support Modification." In the motion, Father states "the record is completely devoid of oversight of what funds [the child] is already receiving, his medical insurance, ancillary services, and how these funds have been allocated." Father's motion also complains that the "court has never received any information on the financial needs of the disabled adult child . . ., how much he receives and his expenses." But the motion does not specifically reference social security benefits. The first reference to "social security" in the record is found in Father's premature notice of appeal, which was filed after the hearing on the motion to extend child support but before the court's order granting the request.

We question whether the issue of social security benefits was raised at the hearing on Mother's motion to extend child support, but we have no transcript or statement of the evidence from that hearing. Without a transcript or statement of the evidence, we cannot determine if Father failed to offer proof of the benefits his child was receiving. *See Kirchner v. Pritchett*, No. 01-A-01-9503-JV00092, 1995 WL 714279, at *3 (Tenn. Ct. App. Dec. 6, 1995) (explaining that, once the custodial parent presents proof of income, "the burden shifts to the noncustodial parent to dispute the custodial parent's evidence, to present proof of other factors affecting the amount of support, or to demonstrate why the trial court should depart from the guidelines" (footnote omitted)). So Mother has not met

2

her burden to show that Father's issue on appeal has been waived. *See Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (holding that the party invoking the waiver doctrine "has the burden of demonstrating that the issue sought to be precluded was, in fact, not raised in the trial court").

Beyond the question of waiver, however, the absence of either a transcript or a statement of the evidence has another consequence for this appeal. Their absence means the trial court's factual findings are conclusively presumed to be true and adequately supported by the evidence presented at the hearing. *Bank of Am., N.A. v. Darocha*, 241 S.W.3d 510, 512 (Tenn. Ct. App. 2007). Here, as Mother notes, Father's sole issue on appeal rests on the assumption that their child receives social security benefits. Father's brief states affirmatively, without citation to the record, that "the child is receiving income from his Social Security benefits." But the child support worksheet appended to the court's order shows no federal benefits for the child. Because that fact is conclusively presumed to be true, it is fatal to Father's appeal. *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 WL 295237, at *4 (Tenn. Ct. App. Feb. 1, 2007) (observing that "[a]n incomplete appellate record is fatal to an appeal on the facts").

B.

Mother asserts that Father's appeal was frivolous, and she requests an award of her attorney's fees as damages. Under Tennessee Code Annotated § 27-1-122 (2017), an appellate court may award damages, including attorney's fees, against an appellant if an appeal is frivolous or taken solely for delay. The statute must be interpreted and applied in a manner "so as not to discourage legitimate appeals." *See Davis v. Gulf Ins. Grp.,* 546 S.W.2d 583, 586 (Tenn. 1977) (citing the predecessor to Tennessee Code Annotated § 27-1-124).

We agree that the appeal is frivolous. A frivolous appeal is one that is "utterly devoid of merit," *Combustion Engineering, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or has "no reasonable chance of success," *Davis*, 546 S.W.2d at 586. An appeal has no reasonable chance of succeeding when our "ability to address the issues raised is undermined by the appellant's failure to provide an adequate record." *Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003). As noted above, this appeal rested on the notion that, contrary to the court's finding, the parties' child was receiving social security benefits. But Father provided no transcript or statement of the evidence showing he presented evidence of that allegation. "[W]ithout a transcript, or statement of the evidence, this appeal had no chance of success." *Linn v. Howard*, No. E2006-00024-COA-R3-CV, 2007 WL 208442, at *5 (Tenn. Ct. App. Jan. 26, 2007).

**III.**

Due to Father's failure to provide an adequate appellate record, we affirm the judgment of the trial court. We award Mother her attorney's fees and expenses incurred on appeal and remand this case to the trial court for a determination of the appropriate amount of fees and expenses and for such further proceedings as may be necessary and consistent with this opinion.

_____s/ W. Neal McBrayer_____
W. NEAL MCBRAYER, JUDGE
